The last case on the docket this morning is number 518-0144, People v. Ferguson. Arguing for the appellant, Brian Ferguson, is Christina O'Connor. Arguing for the appellate, People of the State of Illinois, is Michael Lennox. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings. Ms. O'Connor, are you ready to proceed? Yes, Your Honor. You may do so. Thank you. May it please the Court, Counsel. My name is Christina O'Connor. I am an Assistant Appellate Defender at the Office of the State Appellate Defender, and I represent Mr. Brian Ferguson in this matter. There are four issues in this case. Those issues involve Krinkle hearsay evidence, an ineffective assistance of counsel claim for failing to plead an affirmative defense, and sentencing issues. I am going to focus my arguments on the issues involving Krinkle and sentencing hearing today. If Your Honors have any questions about the remaining issues that I am not addressing in my argument, I would be happy to answer those questions. Our Supreme Court in People v. Krinkle created an obligation for trial courts to fully address criminal defendants' pro se claims of ineffective assistance of counsel. Our court stated that an initial inquiry is triggered when a claim is raised, and that claim does not need to be supported by facts or examples. The purpose of Krinkle is for a trial court to address the pro se claims to potentially limit issues on appeal. In this case, in his PSI statement, Mr. Ferguson raised the claim that he was judged by 12 people without a shred of evidence or witnesses on his behalf. The trial court acknowledged that it had read the PSI and the statement that Mr. Ferguson stated, however, it failed to acknowledge this claim. To provide some context to this claim, before trial, Mr. Ferguson expressed his frustrations with his attorney and stated that his attorney was not looking for witnesses on his behalf. Counsel stated that he had contacted all witnesses except for one, and Mr. Ferguson had not given him contact information for that witness. Mr. Ferguson stated that he could give counsel the name and draw a map of where to find the witness. The trial court asked counsel if that would be enough for counsel to try to find the witness, and counsel stated that he would if he was given that information. There were no other conversations about what occurred or counsel's actions to attempt to find this witness. We do know at trial, Mr. Ferguson was the only person to testify on his own behalf. There were no other witnesses presented by the defense. In People v. Craig, a defendant raised a claim of ineffective assistance of counsel in his PSI statement. The claim did not expressly say that it was ineffective assistance of counsel, but it called on counsel's failure to call witnesses to support his defense. The trial court did not address the statement, and on review, the appellate court held that a statement included in a PSI is sufficient to trigger a crankle inquiry. The state, in its response brief, did not address how Craig affects this case, nor dispute that this case would warrant a different result. I had one short question about the facts. One version was that Ferguson went to the courthouse in advance and sought an OP against the victim and was denied, and the other version was that he sought the OP and it was granted. Which is true? He sought the order of protection and it was denied. That is what the record reflects. Okay, and if there's something else that the state knows that indicates otherwise, I would ask them to let us know. Okay, you may continue. Thank you, Your Honor. Additionally, another case addresses this issue of a statement included in a PSI. Mr. Ferguson cited to this case in his reply brief, and we would like to note that this case was decided after Mr. Ferguson filed his opening brief. Similarly, the defendant in his PSI made statements that he did not talk to a lawyer before trial, and he wanted to testify. Again, did not expressly state a claim of ineffective assistance of counsel. What case are you referring to? Is that Reed? People v. Sherman. Sherman. Yes. And in that case, on review, the court held that when a defendant raises a claim in a PSI, that is enough to trigger a crankle inquiry. The state argues that a crankle inquiry was not necessary because of the trial court's knowledge, and alternatively that there was a crankle inquiry conducted and it was adequate. Because what occurred before trial does not necessarily speak to what happened at trial. The last thing that the trial court heard about this claim was that Mr. Ferguson was going to give counsel a map, and he was going to attempt to locate this witness. The record is silent on whether counsel attempted to locate this witness, or if Mr. Ferguson did provide that information to counsel, or if counsel spoke to that witness and decided that it would not be a good idea to call that witness. So the state's argument that this trial strategy is premature. The trial court should have asked that. The Illinois Supreme Court says that the complaint about counsel must be clear enough that the court knows it is a complaint about counsel. And in this case, all he said was he didn't call witnesses on my behalf, or no witnesses were called on my behalf. Does he really complain about his lawyer at all anymore? Yes, Your Honor, because in light of what occurred pre-trial and this claim, it's connected to that claim, and it would be counsel's duty to bring witnesses and evidence on behalf of Mr. Ferguson. But Mr. Ferguson testified, so he was a witness on his behalf. Yes, Your Honor. So when he said that there were no witnesses on his behalf, it can be inferred he was talking about other witnesses, not just himself. So in this case, a crinkle inquiry is required in this case should be remanded for the trial court to ask Mr. Ferguson or counsel about this claim. In terms of the sentencing issue, trial court has wide latitude in sentencing, as long as the court does not consider incompetent evidence or improper aggravating factors. In this case, Mr. Ferguson was convicted of home invasion and residential arson. In aggravation, the court found that Mr. Ferguson's actions caused or threatened serious harm, and the court specifically discussed how Anderson and her sister lost physical property and emphasized the items that were lost. The court then said when it looked at this factor, it weighed strongly in favor of a harsher sentence. In People v. Salvador, our Supreme Court held that it was improper to consider an aggravating factor of cause or threat and serious harm when the trial court focuses on the end results of the harm here. The end results of the harm in residential arson is that a person's home is at least partially destroyed, which necessarily also includes that their personal belongings are also destroyed. The legislature made the offense of residential arson harsher than arson because it involves a person's home. Because Mr. Ferguson received the maximum sentence for residential arson, it cannot be said that this improper use of this aggravating factor did not affect the sentence here. Furthermore, the state introduced triple hearsay evidence of a hit list and statements made to a dispatcher. The state argues that Mr. Ferguson discussing how he had joked about a death wish list to his friends actually supports that there was a hit list. However, there is a difference between Mr. Ferguson having with everything that has happened in his life where he was hit by a drunk driver and that person was not punished and that ended up physically handicapping him. He was shot by somebody and that person did not go to prison and his son was stabbed to death and one person was charged and there was a group of people that were involved. One person was charged with first or second degree murder and multiple people were not even charged. So it's understandable that Mr. Ferguson might not be saddened to see somebody who has caused him harm to pass away, but that is drastically different from a hit list that is targeting members of the community. The case of People v. Wallace is instructive here. In that case, the defendant was charged with, I believe, a criminal sexual assault and there was triple hearsay evidence introduced of an uncharged act that occurred in a different state. In that case, the trial court recognized the problems with the evidence but still said that it was something that it could consider. On review, the appellate court held that because there was severe issues with the reliability, the trial court could not consider that evidence at all. So even though in this case the trial court recognized the reliability issues, it still stated that it was something that it could consider here. Again, Mr. Ferguson received the maximum sentence for residential arson and 16 years above the minimum for home invasion. So it cannot be said that Mr. Ferguson's sentence was not influenced by these improper considerations and therefore a new sentencing hearing is warranted in this case. Does the court have any further questions? So the relief you're asking for is a new sentencing hearing and a crankle inquiry? Yes, in addition to the other two issues that are raised where we ask that this court reverse intermand for a new trial. Okay, thank you. Mr. Lennox? Yes, Your Honor. You may proceed. Thank you. Opposing counsel, Your Honors, and may it please the court. My name is Michael Lennox and I represent the state in this matter. This court should affirm the defendant's home invasion and residential arson conviction because 1. The trial court conducted adequate crankle inquiries into the defendant's ineffective assistance of counsel claims. 2. The trial court did not abuse its discretion when properly allowing witness testimony to then existing mental or emotional condition. And 3. Defense counsel at trial provided effective assistance and the defendant has not satisfied his burden to prove counsel was ineffective. Also, this court should affirm the defendant's 22-year sentence because the defendant cannot show structural error existed, such as to satisfy the second-pronged plain error analysis. So, Your Honors, just as opposing counsel focused on issues 1 and 4, I will also focus on 1 and 4, and if I can get to other issues, I will. In reference to the crankle inquiry, the Supreme Court in People v. Moore stated, When a defendant presents a pro se post-trial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the pro se motion. Stating further, the trial court can base its evaluation of the defendant's pro se allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegation on their face. Doesn't the court have to at least ask a question of the defendant? Yes, Your Honor, but in this case, there have been three separate inquiries before this post-trial inquiry that was literally covering the same information that the three priors had. I don't know of any crankle-like case that says you can consider the before-trial inquiries and not the after-trial inquiries. Your Honor, the point that I'm making is not that one should be considered and the other should not. The point that I'm making is the court had full knowledge of these issues, and so to conduct a fourth inquiry into this information would not be an effective use of the court's time. Let me ask you this. Does the state concede that the information that was raised in the PSI was sufficient for the court to consider a crankle inquiry? Certainly, Your Honor, and if that information had already not been addressed, a crankle inquiry would have needed to have been conducted. Okay, so the state concedes that the PSI is sufficient to raise a crankle inquiry, such as the first and second districts are coming out and saying, right? Yes, Your Honor, and that actually brings me to another point that I was going to address. So the defendant stated that I had not addressed People v. Craig, and that this case of People v. Sherman were close to the case here, and there is a clear distinguishing factor, which is in both of those cases, the court was tackling a case where a crankle inquiry was only initiated once after the receipt of a PSI. Here, the defendant, and the defendant can and will certainly correct me if I'm wrong, but I don't believe it's the defendant's position that the court never conducted a crankle inquiry. I believe the defendant's position is that the trial court should have conducted another inquiry after receipt of the PSI, which alleged the same claims for the fourth time. It was after the trial, and it was just a continuation of some of the claims he had made earlier, correct? Yes, Your Honor, and in reference to the claims that he had made earlier, in the 101 of the record, the defendant initially said that he, quote, asked for things and had asked for witnesses to be subpoenaed in his interest, but his counsel, quote, told him the county was broke and it didn't happen. Trial counsel immediately refuted this. The trial court then inquired whether the defendant had given his counsel any witness names and also asked, what is it specifically that you think we should be doing, or that you think he should be doing and isn't doing, or isn't doing and should be doing? You said there were witnesses, and that was on page 110. The defendant asserted then that his attorney should be investigating a perceived conspiracy against him, which he later lumped his own attorney into as being part of the corrupt system of Christian County. On pages 111 and 112, the defendant admitted that the witnesses he was demanding be subpoenaed were not fact witnesses to the actual occurrence. And on page 113, the trial court asked trial counsel if there was any witness he had not yet contacted, and counsel said he had attempted all but one. Later, the defendant again decried his lack of witnesses, and that was when this map was drawn up to find potential witnesses. But after this complaint, the defendant stated on record during trial that he felt, quote, quite confident that he was being taken care of by his attorney, and that's on page 679 of the record. Further, the calling of witnesses is well established as trial strategy within trial counsel's control, and counsel might have quite rightly deemed that calling a witness that does not have factual knowledge of the event would only ultimately hurt his client. Mr. Lennox, I asked you whether the state concedes that not calling a witness was sufficient to raise the Krenkel inquiry, and you just told me, I think a few minutes ago, that it was sufficient to raise. So if it's sufficient to raise the Krenkel inquiry, how do we get to trial strategy? I'm sorry, Your Honor. I must have misunderstood your question. Before, I thought you were asking would these allegations be sufficient to open a Krenkel inquiry, not would not calling a witness be sufficient. Do you, like... I don't understand the distinction. I thought in the PSI he complained that witnesses were not called on his behalf. Yes, and I'm saying, Your Honor, in terms of initiating a Krenkel inquiry, along with the fact that if this was the first time that he was saying, I believe he also said that his attorney had said that the county didn't have enough money or they had gone broke and they weren't going to call witnesses. I think that that would be sufficient to start a Krenkel inquiry, but of course it is ultimately a trial strategy whether or not to call witnesses, especially in this case, and the court had information leading to that. But if you just look at the statement in the PSI, the statement alone, do you think the statement alone was enough to trigger at least a question by the court? Yes, Your Honor, and if there had not been questions previous to that point, there would be an issue here. But in reference to this fourth issue, the second-pronged plain error, in a second-pronged plain error analysis, the defendant must show a clear or obvious error occurred, and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. In the Supreme Court of People v. Stacey stated, it is well settled that the trial court has broad discretionary powers in imposing a sentence and the trial court's sentencing decision is entitled to great deference because the trial court is generally in a better position to do this. I see I'm running out of time, so I'll move to the point. As the defendant notes in his reply brief, I cited to People v. Andrews, People v. Hughes, and People v. Saldivar. All of these cases provide that a court can consider the degree of harm of an aggravating factor, even where the factor is necessarily present in the crime. The defendant states that these cases only show this is a fact-specific analysis without at all engaging in a fact-specific analysis or distinguishing the cases I cited from the case at bar, thereby failing to show clear and obvious error for a plain error analysis. Therefore, this court should affirm the defendant's conviction of home invasion and residential arson and his 22-year sentence. Thank you. Thank you, Mr. Lennox. Ms. O'Connor, rebuttal? Yes, thank you, Your Honor. As this court correctly noted, crankle is a requirement for a post-trial claim of ineffective assistance of counsel. So the trial court did not conduct a crankle inquiry before trial. The trial court correctly asked Mr. Ferguson about his claims against his attorney to try to see if there could be an issue to resolve, because I believe his attorney did at one point attempt to withdraw because there was a breakdown in communication. So it was good for the trial court to address these claims to see if he could resolve these issues that were happening. However, again, what occurred pretrial does not necessarily speak to what happened at trial. The main issue is that Mr. Ferguson said he was going to give a map for this one witness. Counsel said that he was going to attempt to locate this witness. The trial court acknowledged that it read Mr. Ferguson's statement that was included in his PSI about his claim, that he had no witnesses on his behalf. And the trial court did not acknowledge this claim. So it's not clear that the court would have adequately considered what happened if there was not even an acknowledgement that this claim was raised. So because of that, this case should be remanded for an initial inquiry. And again, Mr. Ferguson is not asking for this court to appoint him new counsel. It is only for the specific, I apologize, an initial adequate inquiry where the trial court would at least ask one or two questions about Mr. Ferguson's claim. Briefly, in terms of the sentencing argument, Mr. Ferguson argues that under the degree of harm approach that our Supreme Court laid out, the trial court is not allowed to consider the end result of the harm. And there were, I believe, two cases that the state cited to, and those cases involved murder cases where the court addressed leading up to the death of the victims, but did not use the death of the victims. In this case, Mr. Ferguson, the trial court talked about all of the physical property that Anderson and her sister lost. That is an end result of residential arson. Residential arson involves the burning down or burning at least partially of a person's home. So we argue that is an end result, and therefore that was an improper aggravating factor. The trial court does have wide discretion in the sentencing. However, the court does not have discretion to use an improper aggravating factor to enhance an offense. And Mr. Ferguson received the maximum sentence for residential arson, so it cannot be said that this improper aggravating factor did not increase the offense when the trial court expressly noted that this aggravating factor warranted a harsh sentence in this case. Therefore, Mr. Ferguson's claim in his PSI was sufficient to trigger a Krankel inquiry. An inquiry was not done by the trial court, and this case should be remanded for that purpose. Additionally, Mr. Ferguson's due process rights were violated when the trial court considered an improper aggravating factor that was already inherent in the offense, and the court considered evidence of unsupported bad acts based on third-level hearsay. Furthermore, as argued in the briefs, Mr. Ferguson should have his convictions reversed and remanded for a new trial because numerous witnesses testified about improper hearsay evidence, and Mr. Ferguson received ineffective assistance of counsel, both which denied Mr. Ferguson a fair trial. Does this court have any other questions? Justice Moore? No. Justice Welsh? None. No questions? Your Honor. All right. Does that conclude your argument, Ms. O'Connor? Yes, Your Honor. All right. Thank you both for your arguments today. This matter will be taken under advisement, and we will issue an order in due course. Thank you, Your Honor. Have a great day. You too.